GERALD CLUTTS, Appellant, v. HERMAN L. BEASLEY *et al.*, Appellees.

Fifth District   No. 5—88—0438

Opinion filed July 18, 1989.

Applegate & Maurizio, of Carbondale, for petitioner.

No briefs filed for respondents.

JUSTICE HOWERTON delivered the opinion of the court:

The Alexander County Board (County Board) approved Herman L. Beasley's proposed regional landfill. Gerald Clutts, an adjacent landowner, objected. The County Board denied his objections and he caused the Pollution Control Board to review the County Board's decision under the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*). The Pollution Control Board affirmed the County Board's decision. Clutts appeals.

Clutts claims first that the County Board's written decision did not include specific findings of fact, but instead, merely recited the criteria for approving landfills prescribed by statute. Ill. Rev. Stat. 1987, ch. 111½, par. 1039.2(a).

We hold that the decision of the County Board is adequate under both the provisions of the statute and the holding in *E & E Hauling, Inc. v. Pollution Control Board* (1983), 116 Ill. App. 3d 586, 451 N.E.2d 555, *aff'd* (1985), 107 Ill. 2d 33, 481 N.E.2d 664. In the instant case, contrary to Clutts' argument, there can be meaningful re-

view of the County Board's decision, because there is a record of all matters that were presented to the Board. That record, furthermore, supports the decision to approve Beasley's proposed landfill.

The criteria necessary for approval of a landfill are:

"(i) the facility is necessary to accommodate the waste needs of the area it is intended to serve;

(ii) the facility is so designed, located and proposed to be operated that the public health, safety and welfare will be protected;

(iii) the facility is located so as to minimize incompatibility with the character of the surrounding area and to minimize the effect on the value of the surrounding property;

(iv) the facility is located outside the boundary of the 100 year flood plain or the site is flood-proofed;

(v) the plan of operations for the facility is designed to minimize the danger to the surrounding area from fire, spills, or other operational accidents;

(vi) the traffic patterns to or from the facility are so designed as to minimize the impact on existing traffic flows;

(vii) if the facility will be treating, storing or disposing of hazardous waste, an emergency response plan exists for the facility which includes notification, containment and evacuation procedures to be used in case of an accidental release; [and]

(viii) if the facility will be located within a regulated recharge area, any applicable requirements specified by the Board for such areas have been met." Ill. Rev. Stat. 1987, ch. 111½, par. 1039.2(a).

■ These criteria are factual as well as ultimate findings to be made by the County Board. In the ordinary case, it would be difficult for a County Board to be more specific than what is set out as criteria. For example, either a proposed facility is, or is not, outside the boundary of the 100-year flood plain. The purpose of these criteria is to impose standards, so that the decision of the County Board to approve or deny operation of a proposed landfill is made with guidance, rather than arbitrarily or by whim. We hold that so long as the decision is in writing, and a record has been made showing the basis for the decision, neither a detailed statement finding specific facts, nor a detailed explanation of the relationship between the facts, the criteria, and the conclusions is necessary, and the decision can be framed in the language of the criteria set out in the statute.

Clutts next claims that the decision to approve the landfill was against the manifest weight of the evidence for three reasons: (1) the

evidence did not show that the landfill is necessary; (2) the evidence did not show that the landfill is designed and is to be operated so as to protect the public health, safety and welfare; and (3) the evidence did not show that the landfill is to be located so as to minimize incompatibility with the surrounding area.

We hold that the decision to approve the landfill is in accord with the evidence.

First, a landfill does not have to be necessary in absolute terms. It is enough that it is "expedient" or is "reasonably convenient." (*E & E Hauling*, 116 Ill. App. 3d at 609, 451 N.E.2d at 573; *Waste Management of Illinois, Inc. v. Pollution Control Board* (1984), 123 Ill. App. 3d 1075, 1084, 463 N.E.2d 969, 976.) The testimony in this case established that the closest landfill was open only five days a week from 10 a.m. to 3 p.m. The only other alternative landfill was in Mayfield, Kentucky. The needs of the residents of Alexander County are substantial: the record established that there is considerable litter in the county. This evidence, therefore, established that the proposed landfill was appropriate to the purpose at hand. See "expedient" Webster's New World Dictionary 216 (1979).

Second, the evidence shows that the landfill is designed and is to be operated so as to protect the public health, safety and welfare. As pointed out by the Pollution Control Board, an experienced landfill design engineer has designed the proposed landfill in compliance with the standards for nonhazardous waste disposal set by the Illinois Environmental Protection Agency. Compliance with these standards satisfies this criterion contained in the statute.

Clutts finally argues that the area in which the facility is to be built is totally residential and agricultural and that there can be no guarantee that the water supply will not be contaminated by the landfill. Clutts further asserts that there are better locations available. An affidavit submitted from a banker asserts that the value of Clutts' land would diminish if the facility was built. He claims, therefore, that the evidence did not show that the landfill is to be located so as to minimize incompatibility with the surrounding area. The record shows a basis for the decision to approve the landfill.

A guarantee against contamination is not required by the statute. When a decision of a county board to approve or disapprove a proposed facility is reviewed, the Board's decision will be upheld so long as it is not against the manifest weight of the evidence. (*City of East Peoria v. Pollution Control Board* (1983), 117 Ill. App. 3d 673, 452 N.E.2d 1378; *E & E Hauling*, 116 Ill. App. 3d 586, 451 N.E.2d 555.) In this case, a design engineer testified that the landfill was de-

signed and located in compliance with Illinois Environmental Protection Agency standards. As to property values and better places, the law requires only that the location minimize incompatibility and effect on property values, not guarantee that no fluctuation will result; nor does the statute require the facility to be built in the "best" place, and rightly so for that is so subjective as to give no guidance at all to those who must decide these issues.

The decision of the Illinois Pollution Control Board affirming the Alexander County Board is not against the manifest weight of the evidence and is affirmed.

Affirmed.

GOLDENHERSH and RARICK, JJ., concur.